UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PARTS 123, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-634-WTL-DML |
| ) | |
| AURORA TRAILERS HOLDINGS, LLC ) | |
| and WABASH NATIONAL CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ENTRY ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are cross-motions for summary judgment filed by the Plaintiff (Docket No. 37) and the Defendants[1] (Docket No. 43). The motions are fully briefed, and the Court, being duly advised, now **GRANTS IN PART AND DENIES IN PART** the Plaintiff's motion and **DENIES** the Defendants' motion, for the reasons set forth below.

**I.  SUMMARY JUDGMENT STANDARD**

The fact that the parties have filed cross-motions for summary judgment does not alter the standard set forth in Federal Rule of Civil Procedure 56(c)(2). When evaluating each side's motion the court simply "'construe[s] all inferences in favor of the party against whom the motion under consideration is made.'" *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561-62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate

---

[1] In actuality the Defendants' motion is a "cross-motion for summary judgment, or in the alternative, partial summary judgment." *See* Docket No. 43. The Defendants seek summary judgment on the breach of contract issue, or, in the alternative, partial summary judgment limiting the Plaintiff's damages to $53,350.

if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

The Plaintiff, Parts 123, Inc. ("Parts"), provides database management services for the automotive industry. In September 2003, Parts and Defendant Wabash National Corp. ("Wabash") entered into an Application Server and Support Services Agreement (the "Agreement"). The Agreement expressly provides that Wabash "shall have the right to assign or transfer this Agreement." Docket No. 38, Ex. A, ¶ 8.2. In addition, Parts approved "the assignment and transfer by Wabash to Aurora Trailer Holdings, LLC [("Aurora")], or any of its subsidiaries." *Id.* Accordingly, sometime after the Agreement was signed, Wabash assigned its interest in the Agreement to Aurora.

Aurora and Parts performed under the Agreement from 2003 until 2008. In 2008, Aurora

terminated the Agreement. The "Term and Termination" provisions of the Agreement provide, in relevant part, that:

> This Agreement shall continue in full force and effect from the effective date of this Agreement until the first anniversary date thereof (the "Initial Term") and, unless earlier terminated pursuant to the terms and provisions herein, will thereafter automatically be renewed for additional periods of one (1) year each. Prior to the end of the Initial Term or of any successive renewal term, this Agreement may be cancelled by thirty (30) days' prior written notice by either party to the other party.

*Id.* ¶ 4.1.

The parties agree that the anniversary date is September 4. The parties also agree that Aurora emailed Parts on August 26, 2008, to terminate the Agreement. Aurora paid Parts $8,530 to cover the month of September 2008. Parts claimed that Aurora's notice was not timely as the contract had already renewed for the 2008-2009 contract year. Ultimately, Parts filed this breach of contract suit against Aurora and Wabash seeking payment for the remainder of the 2008-2009 contract year.

## III. DISCUSSION

"To recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). In the instant case, the parties agree that the first element is satisfied. A valid contract, the Agreement, did exist. Thus, the Court turns to the second element – breach.

"The interpretation and construction of a contract is a function for the courts." *Stenger v. LLC Corp.*, 819 N.E.2d 480, 484 (Ind. Ct. App. 2004); *see also Grand Trunk W. R.R. Co. v. Kapitan*, 698 N.E.2d 363, 367 (Ind. Ct. App. 1998) ("Contract interpretation is a question of law

to be determined by the court."). When a contract's terms are clear and unambiguous, no interpretation is necessary and the Court simply applies the contractual provisions. *Grand Trunk*, 698 N.E.2d at 367. In other words, "[i]f the language of the agreement is unambiguous and the intent of the parties is discernible from the written contract, the court must give effect to the terms of the contract." *Stenger*, 819 N.E.2d at 484. A contract is deemed ambiguous if "a reasonable person would find the contract subject to more than one interpretation." *Id.*; *see also Beiger Heritage Corp. v. Montandon*, 691 N.E.2d 1334, 1337 (Ind. Ct. App. 1998) ("[A]mbiguity will be found in a contract only if reasonable people would find the contract subject to more than one construction."). However, a contract is not ambiguous simply because the parties disagree about its interpretation. *See id.*; *Beiger Heritage*, 691 N.E.2d at 1337 ("Terms of a contract are not ambiguous merely because a controversy exists between the parties concerning the proper interpretation of terms.").

In the instant case, Parts asserts that the Agreement clearly and unambiguously requires Aurora to provide notice of termination "more than thirty days before the September 4, 2008 anniversary date." Docket No. 38 at 7. Thus, according to Parts, Aurora breached the Agreement by terminating the contract on August 26, 2008, because the contract had already renewed.

Not surprisingly, Aurora takes a very different view of things. Aurora's first argument is that the Agreement only requires notice of termination "prior to the September 4 anniversary date." Docket No. 44 at 7. According to Aurora, as long as it gave notice of termination between August 4 and September 4, it must only pay for an additional thirty days of service, which Aurora undisputedly did. *See id.* at 7-8. In the alternative, Aurora argues that the

Agreement is ambiguous.

Unfortunately, Aurora's interpretation of the Agreement strains credibility. Having reviewed the Agreement and the parties' admissible evidence, the Court believes that the only reasonable interpretation is the one advanced by Parts. When Aurora failed to provide notice of termination at least thirty days before September 4, 2008, the Agreement renewed. Thus, Aurora's purported termination on August 26, 2008, was a breach. Having considered all of the parties' admissible evidence, and having drawn all reasonable inferences in the Defendants' favor, the Court now **GRANTS** the Plaintiff's motion, and **DENIES** the Defendants' motion, as to the breach element of the contract claim.

This does not, however, mean that Parts has prevailed. Parts must still prove its damages. Parts claims that it is entitled to damages of $93,830. Parts reaches this figure by multiplying the monthly charge of $8,530 by eleven. Aurora strongly disagrees with this figure and presents evidence showing that the monthly charge fluctuated based on Aurora's usage of Parts' equipment. In addition, Aurora asserts that Parts fails to "account for the fact that it has avoided substantial costs it would have incurred had the Agreement remained in place for another contract year." Docket No. 44 at 11. In short, there are questions of material fact regarding whether the monthly charge fluctuated and regarding whether Parts saved money as a result of Aurora's breach. Accordingly, the Court cannot grant either party's motion for summary judgment. Thus, as to damages, both motions are **DENIED**.

Finally, a word about Wabash's liability. Parts argues that "Wabash was an original party to the Agreement, and as assignor, it remains liable for Aurora's breach." Docket No. 38 at 8. In effect, Parts claims that the transfer of Wabash's rights under the Agreement was merely

an assignment, not a novation. Wabash counters that this issue is not ripe for summary judgment.

In order for there to be a valid novation there must be "(1) a valid existing contract, (2) the agreement of all parties to a new contract, (3) a valid new contract, and (4) an extinguishment of the old contract in favor of the new one." *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1233 (Ind. 1994). Novations may be either express or implied. *Id.* at 1233-34. However, they may not be achieved unilaterally. *Id.* at 1233. "Where a novation has occurred is a matter of the intent of the parties. However, the issue of novation presents an issue of fact only if the agreement is equivocal or uncertain; when the agreement is unequivocal, the existence of a novation is a question of law." *Boswell v. Lyon*, 401 N.E.2d 735, 741 (Ind. Ct. App. 1980) (citations omitted). "In construing assignment agreements, the general rules of contract interpretation apply. This means that if the language of the agreement is plain and clear, its interpretation is a matter of law." *Id.*

In *Boswell*, the court of appeals deemed an assignment clear and unequivocal and noted that "[s]omething more than the use of the term 'assignment' must be present to create a material issue of fact as to the existence of a novation." *Id.* at 742. "The fact that there has been a delegation (or assignment) of the duty . . . does not . . . equate with a novation. It does not relieve the [assignor] of his contract liability." *Id.* Because the clause in *Boswell* "did not mention novation, relieving of contractual liabilities, substitution of parties to the contract, or extinguishing the old contract," the court concluded that a novation was not intended. *Id.*

Similarly, in the instant case, the language approving Wabash's assignment to Aurora states only that Parts approves the assignment and transfer of Wabash's rights under the

Agreement. Noticeably absent is any use of the term "novation." Nor does the Agreement relieve Wabash of its contractual liabilities. In short, there is nothing express or implied to indicate a novation. The agreement is clearly and unequivocally an assignment. Thus, Wabash remains liable as an assignor. Accordingly, the Plaintiff's motion for summary judgment is **GRANTED** and the Defendants' motion is **DENIED** as to Wabash's liability.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment (Docket No. 37) is **GRANTED IN PART AND DENIED IN PART**. The Defendants' Motion for Summary Judgment (Docket No. 43) is **DENIED**.

SO ORDERED:   06/01/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

James R. Craig
Tachau Meek PLC
jcraig@tachaulaw.com

Brian F. Haara
Tachau Meek PLC
bhaara@tachaulaw.com

William A. Hellmich
King Krehbiel Hellmich & Borbonus, LLC
bhellmich@kkhhb.com

James F. McMullin
JimMcMullin@charter.net