UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PARTS 123, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-634-WTL-DML |
| ) | |
| AURORA TRAILERS HOLDINGS, LLC et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ENTRY ON MOTIONS TO CLARIFY CASE MANAGEMENT PLAN, CORRECT SCHEDULING ORDER, AND FILE JURY DEMAND

Before the Court is the Plaintiff's Motion to Clarify the Case Management Plan and Correct the Scheduling Order (Docket No. 57) and the Defendants' Motion for Leave to File Jury Trial Demand (Docket No. 58). These motions are fully briefed, and the Court, being duly advised, now **GRANTS** the Plaintiff's motion and **DENIES** the Defendants' motion.

In May 2009, Parts 123, Inc. ("Parts 123") filed suit against Aurora Trailers Holdings, LLC ("Aurora") and Wabash National Corporation ("Wabash"). Parts 123 did not request a jury trial. *See* Docket No. 1. Wabash and Aurora filed their answers on June 26, 2009 (Docket Nos. 17 & 19). Neither Wabash nor Aurora requested a jury trial. However, the case management plan, which was approved in July 2009, states: "The parties request a trial date in November 2010. The *trial is by jury and is anticipated to take 2 days*." Docket No. 27 at 4 (emphasis added). The trial is now approximately six weeks away and, not surprisingly, the parties now express confusion about whether this will be a bench or a jury trial.

Federal Rule of Civil Procedure 38(b) provides that a party may demand a jury trial by: "(1) serving the other parties with a written demand – which may be included in a pleading – no

later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Failure to make a proper jury demand results in waiver of the right to trial by jury. FED. R. CIV. P. 38(d). The Defendants do not, and indeed could not, claim that they made a proper, timely jury demand. Instead, they ask the Court to exercise its discretion under FED. R. CIV. P. 39(b) and order a jury trial in this case. In support of their motion, the Defendants aver that "[u]ndersigned counsel routinely includes a jury trial demand in the caption of the Answer that they file on behalf of defendants and intended to do so in this instance." Docket No. 58 ¶ 1. Unfortunately, "[c]ounsel inadvertently neglected to do so in this case." *Id*.

Although it is true that the Court "may, on motion, order a jury trial on any issue for which a jury might have been demanded," FED. R. CIV. P. 39(b), this does not automatically mean that the Defendants' motion should be granted. The Seventh Circuit has stated that "Rule 39(b) allows the district court to grant an untimely demand for a jury, but only, the courts have held, if a good reason for the belated demand is shown." *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 352 (7th Cir. 2007) (citing *Pacific Fisheries Corp. v. HIH Casualty & General Insurance, Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001); *SEC v. Infinity Group Co.*, 212 F.3d 180, 195-96 (3d Cir. 2000)). The Ninth Circuit in *Pacific Fisheries* and the Third Circuit in *Infinity Group*, which were both cited with approval by the Seventh Circuit in *Olympia Express*, stated that inadvertence or oversight is not good cause and "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pacific Fisheries*, 239 F.3d at 1002. In the instant case, because the Defendants claim only that they inadvertently neglected to filed a jury demand, they have not pointed to any "good cause" for

their delay. Accordingly, the Defendants' motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Leave to File Jury Trial Demand (Docket No. 58) is **DENIED**. The Plaintiff's Motion to Clarify the Case Management Plan and Correct the Scheduling Order (Docket No. 57) is **GRANTED**. The parties' two-day **bench** trial remains set for Thursday, November 4, 2010. The parties shall filed their trial briefs, motions in limine, proposed findings of fact and conclusions of law, witness lists, and exhibit lists by **12:00 p.m. on Wednesday, September 29, 2010**.

SO ORDERED: 09/21/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

James R. Craig
Tachau Meek PLC
jcraig@tachaulaw.com

Brian F. Haara
Tachau Meek PLC
bhaara@tachaulaw.com

William A. Hellmich
King Krehbiel Hellmich & Borbonus, LLC
bhellmich@kkhhb.com

James F. McMullin
JimMcMullin@charter.net